**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4050

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RANDY E. SELF,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:95-cr-00315-JFA-1)

Submitted: July 29, 2025                                    Decided: July 31, 2025

Before KING, WYNN, and BERNER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Elizabeth A. Franklin-Best, ELIZABETH FRANKLIN-BEST, P.C., Columbia, South Carolina, for Appellant. Adair F. Boroughs, United States Attorney, Columbia, South Carolina, W. Cole Shannon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy E. Self appeals the sentence imposed following the revocation of his supervised release. While serving his term of supervised release, Self violated the condition prohibiting him from engaging in criminal conduct—specifically, by committing murder. The district court revoked Self's federal term of supervised release and sentenced him to 24 months' imprisonment, to be served consecutively to the 30-year sentence imposed by the South Carolina court for the murder conviction. On appeal, Self contends that the district court abused its discretion by ordering the revocation sentence to run consecutive to the state sentence. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id*. (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006).

Self requested that the district court order his revocation sentence to be served concurrently with his state sentencing, asserting that he would be 94 years old when he completed his 30-year state sentence, his age and health issues would significantly reduce the risk of recidivism, and he "overserved" his underlying prison sentence in light of *Johnson v. United States*, 576 U.S. 591 (2015) (holding that the residual clause of Armed

2

Career Criminal Act, 18 U.S.C. § 924(e)(2)(b), is unconstitutionally vague).[*]  The court considered Self's arguments but concluded that a consecutive sentence was appropriate. The court emphasized that, in connection with his original offense, Self and a codefendant broke into the home of two elderly women and brutally beat and robbed them, and then, while on supervised release, he committed another heinous crime—murder—by stabbing someone to death.  Additionally, the court noted Self received a significant sentence reduction following *Johnson*.  Although the court acknowledged that Self would be very old by the time he completed his state sentence, the court observed that Self was in his 60's when he violated the conditions of supervised release by committing murder.

We conclude that the sentence imposed was reasonable and the district court did not abuse its discretion in ordering the revocation sentence to run consecutively to the state sentence.  The district court appropriately considered the applicable 24-month policy statement sentencing range and considered the 18 U.S.C. § 3553(a) factors relevant to revocation proceedings, including Self's history and characteristics, the need to provide adequate deterrence, and the need to protect the public from Self's further crimes.  *See* 18 U.S.C. §§ 3553(a), 3583(e).

---

[*] The district court originally sentenced Self as an armed career criminal to 405 months' imprisonment.  Following *Johnson*, the district court reduced Self's prison term on the conviction to time served.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<em>AFFIRMED</em>